**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| **TAMMY B. GEORGELAS, as Receiver for ROGER S. BLISS, an individual, and ROGER S. BLISS d/b/a ROGER BLISS AND ASSOCIATES EQUITIES, LLC, a Utah limited liability company, ROGER BLISS AND ASSOCIATES CLUB, LLC, and BLISS CLUB, LLC,**<br><br>       **Plaintiff,**<br><br>**v.**<br><br>**STANTON CALL,**<br><br>       **Defendant.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 2:16-cv-00511-RJS-PMW**<br><br>**Chief District Judge Robert J. Shelby**<br><br>**Chief Magistrate Judge Paul M. Warner** |

This matter was referred to Chief Magistrate Judge Paul M. Warner by Chief District Judge Robert J. Shelby pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Plaintiff Tammy B. Georgelas' ("Plaintiff" or "Receiver") motion for leave to amend complaint.[2] The court has carefully reviewed the motion and memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. *See* DUCivR 7-1(f).

---

[1] *See* ECF Nos. 11, 26.

[2] *See* ECF No. 29.

## BACKGROUND

Plaintiff is the court-appointed Receiver for all assets of Robert S. Bliss ("Bliss"). On June 6, 2016, Plaintiff filed the present lawsuit against Defendant Stanton Call ("Defendant") alleging receipt of fraudulent transfers totaling $950,000 from Bliss. After engaging in discovery, Plaintiff has uncovered evidence demonstrating Defendant's wife, Janet Call, was an initial recipient of fraudulent transfers from Bliss. Based on this new information, Plaintiff seeks to add Janet Call as an additional defendant.

The Scheduling Order in this case established July 31, 2019, as the deadline to add parties and amend pleadings. The instant motion to amend is made after the deadline for the deadline for amendments established in the Scheduling Order. Opposing the motion, Defendant argues that Plaintiff's motion is untimely and the proposed amendment would be futile. Specifically, Defendant argues Plaintiff did not seek discovery until nearly two months after the deadline for amendment and did not seek leave to amend until days prior to the close of expert discovery. Additionally, Defendant asserts Plaintiff "cannot state a claim for relief against [Janet Call] as an initial transferee of funds from Roger Bliss because she is actually a subsequent transferee under the law."[3]

## DISCUSSION

Since the instant motion to amend was made after the deadline for amending pleadings, this court applies the following analysis, pursuant to rules 15 and 16 of the Federal Rules of Civil Procedure, in deciding whether to add Janet Call as a defendant in this case:

> Once a scheduling order's deadline for amendment has passed, a
> movant must first demonstrate to the court that it has "good cause"

---

[3] ECF No. 31 at 5.

for seeking modification of the scheduling deadline under Rule
16(b). If the movant satisfies Rule 16(b)'s "good cause" standard,
it must then pass the requirements for amendment under Rule
15(a). . . .

Rule 16(b)'s "good cause" standard is much different than the
more lenient standard contained in Rule 15(a).  Rule 16(b) does not
focus on the bad faith of the movant, or the prejudice to the
opposing party. Rather, it focuses on the diligence of the party
seeking leave to modify the scheduling order to permit the
proposed amendment. Properly construed, "good cause" means
that the scheduling deadlines cannot be met despite a party's
diligent efforts. In other words, this court may modify the schedule
on a showing of good cause if [the deadline] cannot be met despite
the diligence of the party seeking the extension. Carelessness is not
compatible with a finding of diligence and offers no reason for a
grant of relief.

*Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001) (quotations and

citation omitted) (alterations in original).

Plaintiff asserts that good cause exists to extend the deadline for amendment because

Plaintiff received new information through discovery that allowed her to identify Janet Call as a

likely initial recipient of funds from Bliss. In response to Defendant's arguments regarding

untimeliness, Plaintiff argues that she was unable to uncover such information by the amend

deadline because Defendant provided incomplete financial records during the period in which the

parties engaged in informal discovery. After Plaintiff initiated formal discovery, Defendant did

not provide the new information to Plaintiff until November 27, 2019.

The court finds Plaintiff's delay in filing the present motion to be reasonable in light of

how discovery unfolded in this case. Having acquired the information after the expiration of the

deadline to add parties, Plaintiff could not have met the deadline with diligent effort. *See id.*

("[I]nformation learned through discovery . . . if occurring after the deadline to amend contained

in the Scheduling Order constitutes good cause to justify an extension of that deadline."). In short, the court finds that Plaintiff proffered an adequate explanation demonstrating good cause, thus satisfying the first step in the analysis.

The second step in the analysis is whether Plaintiff satisfied the rule 15(a) standard for amending pleadings. Rule 15 provides that "the court should give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). The decision about whether to provide a party leave to amend its pleadings "is within the discretion of the trial court." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quotations and citation omitted). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quotations and citation omitted).  Defendant contends that leave to amend should not be granted because the motion is untimely and the requested amendment is futile. Because the court has found that there was good cause for Plaintiff's untimely motion, it now turns to the futility argument.

A court "is justified in denying a motion to amend as futile . . . if the proposed amendment could not withstand a motion to dismiss or otherwise fails to state a claim." *Beckett ex rel. Cont'l W. Ins. Co. v. United States* 217 F.R.D. 541, 543 (D. Kan. 2003). A court, however, "may not grant dismissal 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Id.* (quoting *Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999)) (other citation omitted).

At this juncture, the court cannot conclusively determine whether Plaintiff's proposed amendment is futile. As to Defendant's argument that Janet Call is not an initial transferee but a subsequent transferee, the court concludes that the Utah Fraudulent Transfer Act allows recovery from both initial and subsequent transferees. Thus, under the alleged facts and law as represented to the court, it appears the amendment is not futile. In the court's view, those determinations would be best made through a dispositive motion or at trial. Indeed, "[a] futility objection should not turn into a mini-trial or summary judgment proceeding, without the safeguards normally present for maturation and merits-based resolution of claims." *Clearone Commc'ns, Inc. v. Chiang*, No. CIV. 2:07CV00037TC, 2007 WL 2572380, at *1 (D. Utah Sept. 5, 2007). Furthermore, the court does not find evidence of bad faith, dilatory motive, or undue prejudice.

## CONCLUSION AND ORDER

After considering the relevant factors, and given the liberal standard for allowing leave to amend pleadings, the court concludes that Plaintiff should be provided with leave to amend her complaint. Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for leave to amend complaint [4] is GRANTED.

IT IS SO ORDERED.

DATED this 27th day of April, 2020.

BY THE COURT:

_____

PAUL M. WARNER
Chief United States Magistrate Judge

---

[4] *See* ECF No. 29.